UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
IRENE CARTER,

                              Plaintiff,                          **COMPLAINT**

          -against

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE                         PLAINTIFF'S DEMAND
DEPARTMENT, POLICE OFFICER/                A TRIAL BY JURY
SERGEANT/DETECTIVE/
LEUITENANT ANDRE C GADDY, POLICE OFFICERS/
DETECTIVES, SERGEANTS/LEUIITENANTS
JOHN DOE 1-10 AND JANE DOE 1-10, SAID
NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN,

                              Defendants.
--------------------------------------------------------------------------X

       Plaintiff, by her attorneys, GERMAN RUBENSTEIN LLP, as and for her Verified

Complaint herein, respectfully sets forth and alleges:

## PRELIMINARY STATEMENT

       1.     Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1981, §1983 and 42 U.S.C. §1988 for violations of her civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States and for compensatory damages for common law claims of negligence,

assault, and battery, wrongful arrest, use of excessive force, wrongful imprisonment, and malicious

prosecution.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §1981, §1983 and 42 U.S.C. §1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §1331, §1343 and §1367.

**VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF – VIOLATION OF PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS

6.     That at all times hereinafter mentioned, plaintiff IRENE CARTER was and still is a resident of the City of New York, County of Kings, State of New York.

7.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

8.     That at all times hereinafter, the defendant, THE NEW YORK CITY POLICE DEPARTMENT is a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK operated said police department as part of and in conjunction with its municipal function.

10.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK maintained said police department.

11.     That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK

managed said police department.

12.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK controlled said police department.

13.    That at all times hereinafter mentioned, the defendants THE CITY OF NEW YORK employed POLICE OFFICER/SERGEANT/DETECTIVE/LEUIITENANT ANDRE C. GADDY (UPON INFORMATION AND BELIEF, OF THE 81rst PRECINCT).

14.    That at all times hereinafter mentioned, the defendants THE NEW YORK CITY POLICE DEPARTMENT employed POLICE OFFICER /SERGEANT /DETECTIVE /LEUITENANT ANDRE C. GADDY (UPON INFORMATION AND BELIEF, OF THE 81rst PRECINCT).

15.    That at all times hereinafter mentioned, the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT employed POLICE OFFICERS/DETECTIVES, SERGEANTS/LEUITENANTS JOHN DOE 1-10 and JANE DOE 1-10, said names being fictitious and presently unknown, to work as representatives of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

16.    That at all times hereinafter mentioned, the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and had the duty to ensure that the actions, activities and behavior of their said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of other against unreasonable risk of harm.

17.    That at all times hereinafter mentioned, the defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had the duty to ensure that their said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner

so as not to intentionally, wantonly and/or negligently result in injuries to other, including the plaintiff herein.

18.     That at all times hereinafter mentioned, the named defendants were servants, agents, employees and/or representatives of the defendants THE CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT.

19.     That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and City of New York.

20.     Each and all of the acts of the defendants were done by said defendants while acting within the scope of their employment by defendants THE CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT.

21.     Beginning on September 18, 2022, at approximately 3:00 P.M., plaintiff was lawfully present at 795 Putnam Street, in the County of Kings, State of New York.

22.     That beginning on the 18th day of September 2022, defendants and/or servants and/or agents of the defendants were present 795 Putnam Street, in the County of Kings, State of New York.

23.     That beginning on the 18th day of September, 2022, the plaintiff was assaulted, battered, punched, hit, handcuffed, detained, humiliated, restrained, taken to the ground, chased, wrongfully taken into custody and wrongfully imprisoned, by said police officers and/or detectives and/or agents and/or servants of the defendants, while they were present 795 Putnam Street, in the County of Kings, State of New York.

24.     That beginning on the 18th day of September, 2022, the plaintiff was assaulted,

battered, punched, hit, handcuffed, detained, humiliated, restrained, taken to the ground, chased, wrongfully taken into custody and wrongfully imprisoned, by said police officers and/or detectives and/or agents and/or servants of the defendants, while they were at 795 Putnam Street, in the County of Kings, State of New York, and thereafter while plaintiff was being transferred to, and while being held at, a New York City Police Precinct, which, upon information and belief, was 81.

25.     That beginning on the 18th day of September, 2022, the plaintiff was wantonly, intentionally, maliciously, illegally, and unlawfully assaulted, hit, punched, the victim of excessive force, forcefully taken to the ground, seized, handcuffed, arrested, wrongfully detained, wrongfully imprisoned, photographed, abused, threatened and manhandled, by defendants and/or agents and/or servants of defendants, while they were present 795 Putnam Street, in the County of Kings, State of New York,  and thereafter while being transferred to, and while being held at, a New York City Police Precinct, which, upon information and belief, was Precinct 81.

26.     The above acts started on or about September 18, 2022 and continued through September 19, 2022, when Plaintiff was released from the police custody.

27.     That the foregoing occurrences and the resulting injuries to the plaintiff was caused solely by reason of the carelessness, negligence, false imprisonment, wrongful detention, intentional infliction of emotional distress, abuse of process, wrongful and/or improper procurement of a search warrant, excessive use of brutal force, and wrongful assault and battery on the part of the defendants, their servants, agents, police officers, detectives and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

28.     That the foregoing occurrences and the resulting injuries to the plaintiff was caused solely by reason of the carelessness, negligence, false imprisonment, wrongful detention,

intentional infliction of emotional distress, abuse of process, wrongful and/or improper procurement of a search warrant, excessive use of brutal force, and wrongful assault and battery on the part of the defendants in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

29.     This action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, and under Federal law, including the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988 and the rights under the Constitution and laws of the State of New York.

30.     Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, The City of New York, and the County of Kings, and under the authority of their office as police officers and/or detectives of said City and State.

31.     That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

32.     That on/or about December 13, 2022, plaintiff caused a Notice of Claim in writing, sworn to by the plaintiff, containing the names and post office addresses of the plaintiff, and plaintiff's attorneys, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants, by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

33.     That more than thirty (30) days have elapsed since the aforesaid Notices of Claims were served on the said defendants.

34.     That the said defendants have refused and neglected to adjust, settle and pay the same.

35.     That this claim has been commenced and this action has been started within one year and ninety days after the happening of the event upon which the claim is based.

36.     That all conditions and requirements precedent to the commencement of this action have been complied with.

37.     That on or about August 2, 2023, Plaintiff sat for, and gave, oral testimony concerning the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained.

38.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

39.     That by reason of the foregoing, plaintiff have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40.     Plaintiff repeats, reiterate and reallege each and every allegation contained in paragraphs in the First Cause of Action with the same force and effect as if fully set forth herein.

41.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

42.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

43.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

44.     That by reason of the foregoing, plaintiff have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements ant attorney's fees.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45.     Plaintiff repeats, reiterate and reallege each and every allegation contained in First and Second Causes of Action/Claims for Relief with the same force and effect as if fully set forth herein.

46.     Defendants were directly and actively involved in the initiation of criminal proceedings against the plaintiff.

47.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff as plaintiff had not committed a criminal act and defendants had no evidence of any alleged

criminal act.

48.     Defendants acted with malice in initiating criminal proceedings against plaintiff, as plaintiff had not committed a criminal act and defendants had no evidence of any alleged criminal act.

49.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

50.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

51.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

52.     Upon information and belief, Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

54.     As a result of the foregoing and plaintiff's wrongful detention and incarceration, plaintiff's liberty was restricted for an extended period of time, and was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

55.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

56.     That by reason of the foregoing, plaintiff have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements ant attorney's fees.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

57.     Plaintiff repeats, reiterate and reallege each and every allegation contained in First,

Second, and Third Causes of Action/Claims for Relief with the same force and effect as if fully set forth herein.

58.     Defendants issued legal process to place plaintiff under arrest.

59.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process, as plaintiff had not committed a criminal act and defendants had no evidence of any alleged criminal act.

60.     Because Plaintiff had not committed a criminal act and defendants had no evidence of any alleged criminal act by Plaintiff, Defendants acted with intent to do harm to plaintiff, without excuse or justification.

61.      As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and was put in fear for his safety, was humiliated and subjected to handcuffing, arrest, detention, and other physical restraints, without probable cause.

62.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

63.     That by reason of the foregoing, plaintiff have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements ant attorney's fees.

**FIFTH CLAIM FOR RELIEF - MUNICIPAL LIABILITY**

64.     Plaintiff repeats, reiterate and reallege each and every allegation contained in First, Second, Third, Fourth, and Fifth Causes of Action/Claims for Relief as if the same were more fully set forth at length herein.

65.     Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarcerations would

jeopardize plaintiff's liberties, well-being, safety and constitutional rights.

66.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, detectives and officials, with all the actual and/or apparent authority attendant thereto.

67.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, detectives and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)     fabricating evidence against innocent persons erroneously arrested.
b)     arresting innocent persons wrongfully apprehended.
c)     arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

72.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating the constitutional rights of plaintiff.

73.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

74.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

75.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     To be free from unwarranted and malicious criminal prosecution;

D.     Not to have cruel and unusual punishment imposed upon them; and

E.     To receive equal protection under the law.

76.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

77.     That by reason of the foregoing, plaintiff have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements ant attorney's fees.

**SEVENTH CLAIM FOR RELIEF – NEGLIGENT HIRING AND RETENTION**

78.     Plaintiff repeats, reiterate and reallege each and every allegation contained in First, Second, Third, Fourth, Fifth, and Sixth Causes of Action/Claims for Relief as if the same were more fully set forth at length herein.

79.     Upon information and belief, beginning on or around September 18, 2022 and at all times hereinafter mentioned, the defendants, jointly and severally, had an obligation and duty to hire, retain, instruct and supervise their officers, detectives, agents, servants and employees to perform services competently.

80.     Upon information and belief, on or around September 18, 2022 and at all times hereinafter mentioned, the defendants, jointly and severally, breached this duty by negligently, carelessly and recklessly hiring, retaining, instructing and supervising their officers, detectives, servants and employees.

81.     At all times hereinafter mentioned, defendants were aware that the names defendants including all John and Jane Does had a history of assaulting, battering, unlawfully restraining, detaining, and arresting individuals.

82.     Solely as a result of the defendants' negligence and carelessness and reckless hiring, retention, instruction and supervision of its servants and employees, without any negligence on the part of the plaintiff contributing thereto, plaintiff suffered great bodily injuries to the head, body and limbs, with accompanying conscious pain and suffering.

83.     This action falls within one or more of the exceptions set forth in C.P.L.R. § 1602.

84.     By reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## EIGTH CLAIM FOR RELIEF – COMMON LAW ASSUALT AND BATTERY

85.     Plaintiff repeats, reiterate, and reallege each and every allegation contained in First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action/Claims for Relief as if the same were more fully set forth at length herein.

86.     On September 18, 2018, beginning at approximately 3:00 P.M., plaintiff was lawfully present at 795 Putnam Street, in the County of Kings, State of New York.

87.     That on the 18th day of September, 2022, defendants and/or servants and/or agents of the defendants were 795 Putnam Street, in the County of Kings, State of New York.

88.     That on the 18th day of September, 2022, the plaintiff was assaulted, battered, punched, hit, handcuffed, detained, humiliated, restrained, taken to the ground, chased, wrongfully taken into custody and wrongfully imprisoned, by said police officers and/or detectives and/or agents and/or servants of the defendants, while they were present 795 Putnam Street, in the County of Kings, State of New York.

89.     That on the 18th day of September, 2022, the plaintiff was assaulted, battered, punched, hit, handcuffed, detained, humiliated, restrained, taken to the ground, chased, wrongfully taken into custody and wrongfully imprisoned, by said police officers and/or detectives and/or agents and/or servants of the defendants, while they were at or in the vicinity of 99 Tompkins Street, and thereafter while plaintiff was being transferred to, and while being held at, a New York City Police Precinct, which, upon information and belief, was Precinct 81.

90.     That on the 18th day of September, 2022, the plaintiff was wantonly, intentionally, maliciously, illegally, and unlawfully assaulted, hit, punched, the victim of excessive force, forcefully taken to the ground, seized, handcuffed, arrested, wrongfully detained, wrongfully imprisoned, photographed, abused, threatened and manhandled, by defendants and/or agents and/or servants of defendants, while they were present  at 795 Putnam Avenue, and thereafter while being transferred to, and while being held at, a New York City Police Precinct, which, upon information and belief, was Precinct 81.

91.     The above acts started on or about September 18, 2022 and continued through

14

September 19, 2022, when Plaintiff was released from the police custody.

92.     The defendants and each of them, jointly and severally, together with defendants' agents, servants and/or employees, was/were negligent and reckless in assaulting, battering and otherwise attacking and harming the plaintiff without any negligence, want of care or assumption of risk on the part of plaintiff contributing thereto; and in failing to establish rules and regulations for their employees concerning the proper hiring of personnel; in failing to comply/enforce rules, statutes, codes, ordinances, laws and regulations of the City and State of New York and its Municipal Subdivisions.

93.     This action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602.

94.     By reason of the foregoing, the plaintiff sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish and great physical and emotional upset, all of which injuries are, upon information and belief, permanent in both nature and duration, has and will continue to suffer pain and suffering, both physical and emotional, has incurred and will continue to incur medical expenses and has been unable to pursue his usual vocations, all to his great damage.

95.     By reason of the foregoing, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and is further entitled to punitive and/or exemplary damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff's demand judgment against the defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action,

together with the costs, disbursements and attorney's fees of this action, and with interest from the

date of this occurrence.

Dated:  September 11, 2023
        New York, New York

                         Yours, etc.

                         **GERMAN RUBENSTEIN LLP**

                 By: Joel Rubenstein
                         JOEL M. RUBENSTEIN, ES
                         Attorneys for Plaintiff
                         19 West 44th Street – Suite 1500
                         New York, NY 10036

## <u>ATTORNEY VERIFICATION</u>

**STATE OF NEW YORK**    }
                              **{ss.:**
**COUNTY OF NEW YORK }**

Joel M. Rubenstein, an attorney duly admitted to practice before the Courts of the State of New York hereby affirms the truth of the following under penalty of perjury:

I am a member of the law firm of German Rubenstein LLP, and as such am fully familiar with the facts and circumstances herein.

I have read the foregoing COMPLAINT and know the contents thereof to be true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to those matters stated upon information and belief are as follows: records and investigation reports on file.

The reason that this verification is being made by me and not the plaintiff personally is that plaintiff is presently not within the county where I maintain my office for the practice of law.

Dated:  September 12, 2023
        New York, New York

                                      Joel Rubenstein
                                      _____
                                      JOEL M. RUBENSTEIN